UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLA HALL, | : | Case No. 3:20-cv-385 |
| | : | |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ENTRY

This case is before the Court on an unopposed Motion for Allowance of Attorney Fees filed by Plaintiff's counsel (Doc. 21), the Commissioner's Response (Doc. 22), and the record as a whole. This Court previously accepted the parties' Joint Stipulation to Remand to the Commissioner on October 1, 2021. (Doc. 16, 17.) Upon remand in June 2022, the Commissioner awarded Plaintiff disability benefits beginning in February 2016. (Doc. 21, PageID 1233.) Although the Notice of Award does not indicate the amount of past-due benefits awarded, the Commissioner withheld $24,559.02 from Plaintiff's past-due benefits to pay attorney fees.[1] (*Id.* at PageID 1236.)

Plaintiff's counsel now requests that the Court authorize a fee award of $14,559.02. (Doc. 21, PageID 1225.) In support of his motion, counsel attached the contingency fee agreement between Plaintiff and counsel (Doc. 21, PageID 1231), a copy

---

[1] The Notice of Award states that the Commissioner could not withhold more than 25% of past-due benefits to pay an authorized fee. (Doc. 21, PageID 1236.)

of the Award Notice to Plaintiff from the Social Security Administration (Doc. 21, PageID 1233-38), the professional background information of the two attorneys and the paralegal who worked on the case (Doc. 21, PageID 1239-40), the joint time sheet of the attorneys and paralegal (Doc. 21, PageID 1241-42), and a statement of Plaintiff's account with counsel (Doc. 21, PageID 1244). The Commissioner filed a response to the Motion for Allowance of Attorney Fees and indicated that she does not object to the requested fee. (Doc. 22, PageID 1278).

      A.      **Applicable Law**

Section 406(b) of Title 42 of the United States Code authorizes the Court to award attorney's fees when a plaintiff brings a successful challenge to the Social Security Administration's denial of his or her application for benefits. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). The award may not exceed 25% of the past-due benefits that the plaintiff received as a result of successful challenge. *See id.; see also* 42 U.S.C. § 406(b)(1). To succeed under § 406(b), the plaintiff's attorney must show, and the Court must affirmatively find, that the contingency fee sought—even one within the 25% cap—is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002*); see also Lasley v. Comm'r of Soc. Sec.,* 771 F.3d 308, 309 (6th Cir. 2014). Section 406(b) "does not displace contingent-fee agreements" but instead "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.

A contingency fee award is not unreasonable merely because it results in an above-average hourly rate. *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990). As the Sixth Circuit explained:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.*

Sixth Circuit precedent has established a "ceiling-floor" approach to guide the determination of whether a § 406(b) award is reasonable. *See Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 422 (6th Cir. 1991); *Lasley*, 771 F.3d at 309. The "floor" is a "hypothetical hourly rate that is twice the standard rate" for such work in the relevant market. *Hayes,* 923 F.2d at 422. Such a rate is "per se reasonable." *Lasley*, 771 F.3d at 309 (quoting *Hayes*, 923 F.2d at 421). The "ceiling" is the 25% cap established by § 406(b), and the Sixth Circuit has applied a "rebuttable presumption of reasonableness" to contingency agreements that comply with this cap. *Lasley*, 771 F.3d at 309 (citing *Hayes*, 923 F.2d at 421; *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

Courts may consider arguments that attack the rebuttable presumption of reasonableness that applies to rates above the "floor" and below the 25% statutory "ceiling." *Lasley*, 771 F.3d at 309. A reduction of a contingency fee award may be appropriate when: (1) counsel acted improperly or provided ineffective assistance; or (2)

3

"counsel would . . . enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id.*

### B. The Requested Contingency Fee Award Is Reasonable

The Court finds no basis to reduce the fee award in this case. Counsel and Plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of Plaintiff's past-due benefits or a minimum of $3,000.00, whichever is greater. (Doc. 21, PageID 1231.) Yet counsel does not request the maximum amount under the agreement (25% of past-due benefits, which totals $24,559.02—the amount withheld by the Commissioner from Plaintiff's past-due benefits to pay attorney fees). (*See* Doc. 21, PageID 1236.) Rather, counsel's requested fee of $14,559.02 is approximately 59.2% of the maximum fee under the fee agreement. Additionally, the joint time sheet shows that the two attorneys and paralegal together spent 24.10 hours representing Plaintiff before this Court. (Doc. 21, PageID 1241-43.) This results in an hourly rate of $604.11. Counsel also points out that subtracting the previously granted Equal Access to Justice Act (EAJA) award of $3,300.00 would reduce Plaintiff's out-of-pocket attorney fees to $11,259.02.[2] (Doc. 21, PageID 1227-28.) This equates to an hourly rate of $467.18. (*Id.*)

Because the proposed contingency fee in this case is less than the 25% "ceiling" established by § 406(b), a rebuttable presumption of reasonableness applies. *Lasley*, 771 F.3d at 309. It is unnecessary to calculate the "floor" and determine whether the rate is per se reasonable, because even when applying the rebuttable presumption of

---

[2] When an attorney initially receives an EAJA award and subsequently seeks an award under § 406(b), the attorney must refund to the claimant the smaller of the two awards. *See Gisbrecht*, 535 U.S. at 796 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).

reasonableness standard to both hypothetical hourly rates noted above, the Court finds that the contingency fee award is reasonable. Nothing in this case warrants a reduction of the fee. First, there have been no allegations of—nor has the Court found any instances of—improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. To the contrary, Plaintiff was well represented by counsel in this case, who filed a Statement of Errors that led to a joint remand for further proceedings. (Doc. 13, 19, 20.) Second, the record contains no evidence that the requested hypothetical hourly rate would result in a windfall to Plaintiff's counsel. Indeed, the Commissioner has not made any such contentions and indicated that she does not object to the requested fee. (Doc. 22, PageID 1278.)

Further, this Court has found that rates higher than the one sought in this case are not a windfall. *See, e.g., Hensley v. Comm'r of Soc. Sec.*, No. 3:18-CV-223, 2021 WL 117911, at *2 (S.D. Ohio, Jan. 13, 2021) (Ovington, M.J.), *Report and Recommendation adopted*, 2021 WL 7908554 (Feb. 2, 2021) (Rose, D.J.) (noting that a hypothetical hourly rate of $700.00 is *per se* reasonable and concluding that an hourly rate of $716.11 is not a windfall); *Miles v. Comm'r of Soc. Sec.*, No. 1:16-CV-440, 2019 WL 5485220, at *3 (S.D. Ohio Oct. 25, 2019) (Litkovitz, M.J.), *Report and Recommendation adopted*, 2019 WL 6131268 (Nov. 19, 2019) (Dlott, D.J.) ("hourly rate of $714.29 does not exceed the amounts typically awarded in such cases and does not constitute a windfall to plaintiff's counsel."); *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-CV-725, 2015 WL 799770, at *3-4 (S.D. Ohio Feb. 25, 2015) (Litkovitz, M.J.), *Report and Recommendation adopted*, 2015

WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, D.J.) (approving a hypothetical hourly rate of $700).

For all of these reasons, the Court finds that a fee of $14,559.02 is reasonable for the work that Plaintiff's counsel performed in this Court.

### IT IS THEREFORE ORDERED THAT:

1. Plaintiff's unopposed Motion for Allowance of Attorney Fees (Doc. 21) is **GRANTED**, and Plaintiff's counsel shall be awarded $14,559.02 in attorney's fees under 42 U.S.C. § 406(b);

2. The case remains terminated upon the Court's docket.

**IT IS SO ORDERED.**

>                    */s/ Caroline H. Gentry*
>                    Caroline H. Gentry
>                    United States Magistrate Judge